this is my first time in this fashion before this court uh... and may it please the court and counsel my name is david part of the appearing on behalf of erardo loretto runners i'm gonna open up with uh... brief summary of my argument and then reserve however much possibly i can for rebuttal uh... i don't care so our argument is threefold uh... one is that your honors sent this case back on a limited remand uh... second is that we have a a substantively unreasonable sentence which is sort of the thrust where i where my gut is on this case uh... for that's worth and then uh... also significantly is that it's very clear from the pleadings in this case that mister loretto was sentenced to additional time for uncharged conduct and uh... i a list of court has any questions don't intend to spend much really any time on the uh... concept of a limited remand i think that's clear i think the court's fully informed and it isn't clear because here uh... students well and i really think that the thrust of our argument on the limited remand is simply the language of the uh... mandate which going to open up as we think it's a fifty grand finding in the sense correct and it also lists the statute that he's to be resentenced under uh... so to me that was very specific and there's and that's the first of the argument we we you know it says we affirm for resentencing on that statute for resentencing under twenty one united states code section eight forty one b one c that's page four of the memorandum opinion but i've got our case law us against washington but we've said it and other places to uh... creates a pretty strong presumption that uh... you know that there's a sentencing package and if part of that but the sons of one offense uh... has to be read on the the district court gets to look at the whole thing uh... and it takes fairly specific language uh... to upset that presumption so the question is a you do you really think that the reference to the statute in that sentence is sufficient to uh... overcome the presumption well it seems like a clear indication of intent it but if you disagree with me that certainly reasonable rational but it says remanded for resentencing under one statute and so that's our position on that topic what what i think is more important in this case is the fact that mister loretto was sentenced originally to thirty years and once he was successful on on his appeal on an issue that seemed really common-sense obvious to me anyhow and i don't mean to read intent into the court's opinion beyond what's written there but it seems pretty clear that you can't send somebody to await and purity for drugs that don't exist when he went back he was given a higher sentence you dispute like abstracting from this case this is as a general matter uh... when someone is sentenced and then the sentence is vacated and the recent uh... do you dispute the proposition that the district court may consider the defendant's conduct up to the second sentencing including things that happened after the first something uh... in deciding what appropriate sentences is that something a district court can do well as the judges i do not dispute that the district court can consider that conduct but i believe that in order to punishing individual for that conduct there should be some evidence presented that the conduct was real and attributed to that defendant we don't have that here we we have statements by the pre-sentence investigating officer which without any indication of of personal knowledge so for example if we had media declaration uh... i still think it's appropriate but that's different than what the court can do what i think is appropriate but a declaration let's say or or an indication in the pre-sentence investigation that the writer saw the video that the writer compared the individual that they saw in the video with a photograph that they have of mister loretto because as we know all of the pre-sentence investigation reports contain some kind of a photograph of the defendant uh... and that it was clear from the pre-sentence investigation reports writer that that was mister loretto that he did do these things that it was in uh... you know a proper prison setting something like that i don't believe and there's been no allegation by the pre-sentence investigation writer that they saw the video it seems to me from these uh... pleadings that they were informed that he did it and that was on video i think that's insufficient you know i i i think that there should be some evidentiary hearing i think he should have some ability to contest it he should have the ability to watch the video was an evidentiary hearing requested at the time of the sentencing? well no we objected to all of it and it wasn't until the very end that it was clear to me that this was going to happen uh... so my recollection is we objected to the scope of the re-sentencing we objected to uh... the presentation of that additional information but to very accurately answer that question your honor i would have to open up a few documents that i have not opened up today luckily i'm at my desk and i could but you say you objected to presenting the evidence you are you at all? it's my recollection that we did i would have to read my sentencing submission in that case and here i think you're referring to the stabbing not the escape attempt the escape attempt was there really any question that it was it was in his cell right you know the executive branch of government told us that but i've been a lawyer a long time judge and i've had the executive branch of government say a lot of things that i have affirmatively disproven uh... so i don't know because i wasn't able to do an independent investigation with that said i will concede that the evidence was challenging for Mr. Loreto without the opportunity to cross-examine a law enforcement officer i don't even know if there were five people in that cell they said what they said they said in a police report but i just i've read too many false statements in police reports but did you argue to the district court that it wasn't that he really had not engaged in the escape attempt that it might have been someone else or did you raise this i mean i appreciate there could be a factual question about it but did you present that to the court no i don't think so that's just not how the communication went i'm looking at my sentencing document now but but i don't think on this date no i would have had the pre-sentence investigation report by them and i don't remember if it included the uh... alleged escape attempt you know these are are very fluid things and what i'm arguing now is based on what happened at the sentencing and when i was drafting the sentencing memorandum and and our objections i don't think that was the topic that we were on was it in the pre-sentence report then? i don't recall if the escape attempt was i do know i do believe that that the assault in the prison was but again without going through i was prepared to just sort of discuss the pleadings and the law uh... no it must have been this objection has a lot of facts you have to tell us why it doesn't rely on the facts and you rely on it well what what i'm saying is Mr. Lorenzo was sentenced based on hearsay in a pre-sentence investigation report so the escape attempt is in there it's under a uh... my understanding ordinarily there's material in the pre-sentence report and if you want to contest the facts you have to contest the facts and you can do that otherwise they're usually taken as established your your sentencing memorandum the portion entitled objections to pre-sentence report appears at pages six to seven of the S.E.R. and i don't see any reference to either of these issues in there so maybe it appears somewhere else i'm sure you're right i mean i opened up the document but it's difficult to go through a fourteen page document on the fly like this my recollection is this was a contested issue at the sentencing phase i was not prepared to discuss those particular facts at today's hearing i was more going to discuss the propriety of winning an appeal and then having it sent back and getting more time i think it's substantively unreasonable i think it smacks of retaliation i think it's disconnected in the sense that if he was entitled to rely on things that happened afterwards that would be a reason for having a higher sentence and if it happened so there's a disconnect in saying that isn't what you were talking about to me the crux of the reasonableness of this of this sentence along the lines of the Wresem case now there's differences there of course but were that he was successful in his appeal the record looks like he was punished for it and so i consider that to be substantively reasonable let me in fact give a lower sentence on the precise thing that the reversal was on and it all ended up differently but as to the the basic drug conviction the sentence was less considerably less well the sentence was artfully re-tailored well i understand that but that's but as to the issue that was reversed the sentence was considerably less if this court's position is that Mr. Loreto received a considerably lower sentence no i understand overall he didn't but on the issue that was reversed he did well look that's a fiction and if that's the position i don't have any further comment about it you have uh... you're actually over time so we'll give you a minute Mr. Seale thank you your honor may it please the court my name is benjamin seale appearing on behalf of the united states i'd first like to address uh... some of the court's uh... comments and questions regarding the argument about the additional evidence or or whether or not any additional evidence was taken at sentencing uh... base or relating to defendants post sentencing conduct and and first of all uh... i'll point out i'll say to the court as i point out on page nine of my brief there was no objection to the information in the PSR relating to the BOP stabbing and there was no objection relating to the information in the PSR regarding the escape attempt both the stabbing and the escape attempt are detailed in the PSR in fact uh... the picture of the hole in the cell that i included in my brief on page eleven that is from the PSR itself actually uh... and and so all of that information was uh... in the PSR it was not objected to and uh... for that reason we didn't have an evidentiary hearing and as i cited my brief under united states versus ameline the district court is uh... may rely on undisputed statements in the PSR at sentencing and that's why we didn't have uh... an evidentiary hearing on either of those the stabbing or the escape attempt is because no objection was made uh... and to answer another question that the court had put to opposing counsel yes absolutely the district court is entitled to rely on uh... facts about defendants conduct in between the first sentencing and the second sentencing i think the supreme court made that clear in united states versus wasman uh... that uh... that that's uh... absolutely appropriate for the district court to take into account and our argument regarding the substantive reasonableness is uh... if in between if at the first sentencing the defendant which he did here makes an argument to explain i'm sorry uh... i acknowledge that what i did was bad i did that because i was in a bad or dark place at the time uh... and and that's why i made those mistakes and he does so in a very calm demeanor to display to the court that's not what i'm about anymore and then we reappear in sentencing again and he has the same calm demeanor but that calm demeanor is belied by his conduct in between the two sentencings then absolutely the district court can impose a higher sentence and that's exactly what the court did in this case and even explained you know uh... i do want to go back to linda uh... in my question in a moment but uh... the way he did that was not by adding in the obstruction of justice as such the main thing he did as i understand it was to change the order of what was consecutive to what previous and current counts is that right? that is correct your honor uh... and how does that reflect the behavior? is that what he said he was doing? that was the reason why he completely changed the order of what was consecutive? i think the reason why he changed the order of what was consecutive to what i think that was based on his goal of wanting to get back to three hundred sixty months uh... i'm sorry i didn't hear the question your honor didn't he get to three hundred ninety six months instead of three hundred sixty? absolutely he did i think uh... i think he followed the government's recommendation to add three years because of the post sentencing conduct but obviously there's a lot more going on than just adding the three years the sentences were concurrent and which ones were consecutive in order to get back just to the the original sentence of three hundred sixty months i haven't added up but if you add there was an actual three months three years additionally added or it was just through this mechanism of making things consecutive that were concurrent no the math was done completely differently the second time around your honor so it is a little bit difficult to follow i acknowledge that uh... and so the court didn't you didn't add three years as such that is correct i don't think i don't think the court ever specifically stated i'm giving you three years specifically because of the post sentencing conduct i don't recall the court ever saying that i don't think he did let's go back to the limited remand what? the last mgispo says we therefore vacate the fifty grand finding and the sentence and remand for resentencing i guess it could be somewhat more clear but why doesn't that mean resentencing on vacating the sentencing as to the fifty grand finding and remand for resentencing on the drug issue and nothing else uh... a couple of responses to that your honor it doesn't say remand for resentencing period then you would certainly be right well that's true although in the first paragraph of the opinion it says we affirm in part and reverse in part and remand for resentencing period uh... and and so i think if the court had wanted to remand only for resentencing on just the two drug counts i think it would have been very easy for the court to have been more clear about that uh... i think that uh... the language of the court was just alluding to where the court specifically cites to twenty one usc eight forty one b one c that was necessary in order to make clear that the recent drug counts was going to be with a zero to twenty uh... statutory maximum instead of the ten to life uh... at the time of the original sentencing uh... but but simply highlighting the prior sentence is because the drug quantity finding fails based on insufficient evidence the government may not retry that issuance that must seek resentencing on the basis of possession of addiction that says exactly they already made it clear pursuant to the statutory range set forth in twenty one usc eight forty one b one c that's pretty clear yes your honor it's clear that the district court when it resentenced on the two drug counts had to follow the statutory range in eight forty one b one c said the reason why they put the under twenty one usc eight forty one b one c into the second sentence was to make clear what they'd already made clear in the first sentence well but in that first in the first reference they are quoting from a different court opinion so i think this the reference in the second sentence is to make clear that what they had just quoted from some other opinion applied in this case what would it take to have a limited i think if the court had said we therefore remand for the limited purpose of resentencing on counts four and five only that would have very clearly it's the only i think in in two different parts your honor the very last line of the opinion where it says affirmed in part vacated in part of remanded if they had at that in that sentence said remanded for the limited purpose of resentencing only on counts four and five we leave the sentence on counts one through three undisturbed or language like that that would have been really clear exactly what they wanted to have done and that language isn't in there and i also point out it's not in the first paragraph either that last sentence of the first paragraph says we affirm in part and reverse in part and remand for resentencing that sounds that sounds really clear to that they're remanding to resentence the whole thing and that really a general remand even if we step away from the language in this particular opinion and just look at comparing this case the facts of this case the nature of this case with the redmond decision that i cite in the brief it's very similar the court clearly bundled all these counts together created a sentencing package and when two of those sentences were vacated it undid the entire bundle uh... and so the court was under redmond entitled to resentence all of the counts to make a new sentencing package and if the court has no other questions i'm happy to yield the rest of my time thank you very much uh... thank you your honor obviously just briefly uh... i think the language is clear in the other direction we we vacate the drugs and send back for resentencing under the drug a statute moreover the murder for higher counts were not before this court in two thousand seventeen or whenever it was finally heard uh... we just didn't appeal those and so the only thing before the court was uh... the drug counts i will add though and this is where my substantive unreasonableness argument rises and falls is that if the language had been clear in the memorandum to mister seals uh... approval and there was very clear that he was not to be sentenced on anything other than i think what you'd see is at least a thirty year sentence and it would be we're gonna run of the statutory maximum or restructure it to be you know twenty three-year sentence and run that consecutive uh... i think i don't know what the truth is i noticed that uh... judge i i respect him but this one smacks of retaliation i think that's unreasonable okay your time is up thank you mr cartoli the case of united states vs loretto is submitted we will go to lanning vs sall
judges: Berzon, Gleason, Miller